UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TANNIE LEE BRAZIEL, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:07-CV-02094 |
| v. § | |
| § | |
| ESTATE OF W.M. THOMPSON, ET AL., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Declaration in Support of Motion for Default Judgment. (Doc. No. 29.) The underlying dispute regards the validity of a deed to property. The Court previously denied Plaintiff's Motion for Default Judgment because she had failed to produce proof of service for Defendants State of Texas and the Veterans' Land Board. (Doc. No. 28.) Plaintiff has since produced certified mail receipts indicating that she has served both Defendants. (Doc. No. 29.) Because neither Defendant has filed an answer, Plaintiff now reurges her Motion for Default Judgment. The Court holds that Plaintiff's claims against these Defendants must be dismissed because the Court lacks subject matter jurisdiction.

**I.     SUBJECT MATTER JURISDICTION**

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010

(5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

## II. SOVEREIGN IMMUNITY

The principle of sovereign immunity, enshrined in the Eleventh Amendment, bars citizens from suing a non-consenting state in federal court. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). If a defendant is protected by sovereign immunity, federal courts lack subject matter jurisdiction over the suit. *Warnock v. Pecos*, 88 F.3d 341, 343 (5th Cir. 1996). Government immunity applies to agencies which are derived from the state constitution and laws. *Crandall ISD v. Veterans' Land Board of the State of Texas*, No. 05-92-01296-CV, 1993 WL 220339, at *1 (Tex. App.—Dallas 1993, no writ) (citation omitted). A suit against a state agency performing a governmental function is a suit against the state. *Id.* The Veterans' Land Board was established by the Texas Constitution and is characterized by the constitution as " ... a governmental agency of the State of Texas performing governmental duties...." *Crandall*, 1993 WL 220339 at * 2 (citing TEX. CONST. art. III, § 49-b (1946, amended 1985)).

Consent to sue the State may only be obtained from the Legislature, either through general law, resolution, or bill. *Id.* at * 2 (*Prairie View A & M Univ. v. Thomas,* 684 S.W.2d 169, 170 (Tex. App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.)). For the Legislature to consent to a suit against the State, it must do so by clear and unambiguous language. *Id.* (citing *Duhart v. State,* 610 S.W.2d 740, 742 (Tex. 1980)). In bringing suit against the State, the petitioner must allege and prove consent. *Id.* (citing *Contran Corp. v. Bullock,* 567 S.W.2d 616, 617 (Tex. Civ. App.-Austin 1978, no writ)).

In Plaintiff's Complaint, she does not allege any facts supporting a cause of action against either Defendant State of Texas or the Veterans' Land Board. Further, she alleges no facts establishing that either entity has consented to suit. For these reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against these Defendants. Plaintiff's claims against the State of Texas and the Veterans' Land Board are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 8th day of September, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.